UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTHONY WILLIAMS,

    Petitioner,

 v.               CAUSE NO. 3:17-CV-687-DRL-MGG

WARDEN,

    Respondent.

OPINION & ORDER

Anthony Williams, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing (ISP 17-06-0173) where a Disciplinary Hearing Officer (DHO) found him guilty of possession of a deadly weapon in violation of Indiana Department of Correction (IDOC) offense A-106. ECF 1 at 1. As a result, he was sanctioned with a two-week loss of phone and commissary privileges, 90 days of disciplinary restrictive housing (suspended), loss of 60 days earned credit time, and a demotion in credit earning class (suspended). *Id.*

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the factfinder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-73 (1974). To satisfy due process, there must be "some evidence" in the record to support the guilty finding. *Superintendent, Mass Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Mr. Williams' charge stems from an allegation that he possessed a weapon on June 18, 2017. He includes three separate grounds in his petition. In each ground, he argues that the evidence was insufficient to support his conviction. He also argues that he was denied evidence.

Here, the Conduct Report charged Mr. Williams as follows:

> On 06-18-17 at approximately 9:12 in ACH on the 300 South range in ACH I, Ofc. Brown and Sgt. Lee saw Offender Rose #885833 pass a sharp metal object to Offender Williams # 120281. Offender Williams # 120281 ran down to the back of 300 South and attempted to hide the sharp metal object, but Sgt. Lee found it. The sharp metal object was taken up front to guard hall and placed in an IA locker. Offender Williams #120281 was cuffed and taken out of ACH.

ECF 10-1. Sergeant Lee also provided the following statement:

> On the date of 6/18/2017 Officer Brown approached me in the officers station and told me that offender Rose DOC#885833 cell location A-337 had a shank in front area of the flag 100 Range. I Sgt. A. Lee immediately called Signal 7 in A cell house at approximately 9:12 am. Officer Brown and I Sgt. Lee pursued offender Rose to the 300 south range. Offender Rose passed the shank to offender Williams DOC#120281 cell location A-309 and ran into cell A-329 not this wasn't his cell. I Sgt. Lee stopped offender Williams on the range and place him into mechanical restraints. And had Officer Brown verified that that was the weapon. Offender Rose and Offender Williams were both escorted the MSU to be screened by Medical. The signal 7 was cleared at approx. 9:22am.

ECF 10-2.

Mr. Williams was charged with violating IDOC A-106, which prohibits "[p]ossession or use of any explosive, ammunition, hazardous chemical (e.g., acids or corrosive agents) or dangerous or deadly weapon." www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf (last visited July 10, 2020). Williams did not ask to call any witnesses at his hearing. ECF 10-4.

Mr. Williams asked that camera evidence be reviewed and that the count for attendance at the general Christian service be reviewed. *Id.* The video evidence was reviewed by the DHO, and Mr. Williams was provided with the following summary:

> At approx. 9:13AM offenders Rose and Williams are seen running onto the 300 South range of ACH. Offender Rose stops turns around and Offender Williams grabs a metal object from him and they both run into a cell.
>
> Officers arrive on the range and offender Williams is escorted off of the range at approx. 9:16AM by Sgt. S. Rice.

ECF 10-6 at 1. Chaplin Diemer confirmed that Mr. Williams was checked off as being present at the service on June 18, 2017. ECF 10-7. However, Chaplin Diemer also explained that he did not know

2

when Mr. Williams came or left the service, and that "[h]e could have come to check in, and then taken off right away, too." *Id.*

At his hearing, Mr. Williams noted that no weapon was found on him, and the weapon that was found was in a common area. ECF 10-8. He further stated: "The time is not making up. All the stuff is not adding up. I was in church. The evidence is not right." *Id.*

Following a hearing, Mr. Williams was found guilty. In reaching this conclusion, the DHO considered staff reports, evidence from witnesses, video evidence, and the email from the chaplain. ECF 10-8. The DHO concluded that Mr. Williams was guilty because the "conduct report is clear and concise" and "[a]ll evidence supports the charge." He further notes that the "[c]amera shows Williams retrieving a knife from another offender." *Id.*

The court thus turns to his ostensible claims for relief here—the alleged denial of evidence, and the sufficiency of the evidence. Though not set forth as a separate ground for relief, Mr. Williams appears to be claiming that he was denied evidence. More specifically, he alleges that the weapons were found in a sheath that was taped on a staircase, but neither the sheath nor the tape were submitted as evidence. ECF 1 at 4. The respondent argues that this ground was procedurally defaulted because Mr. Williams didn't raise it in his administrative appeals. ECF 10 at 6-7. In habeas corpus proceedings, the exhaustion requirement is contained in 28 U.S.C. § 2254(b).

> Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies. These are, we held in *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992), the sort of "available State corrective process" (§ 2254(b)(1)(B)(I)) that a prisoner must use. Indiana offers two levels of administrative review: a prisoner aggrieved by the decision of a disciplinary panel may appeal first to the warden and then to a statewide body called the Final Reviewing Authority. Moffat sought review by both bodies, but his argument was limited to the contention that the evidence did not support the board's decision. He did not complain to either the warden or the Final Reviewing Authority about the board's sketchy explanation for its decision. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), holds that to exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the state's supreme court. The Final Reviewing Authority is the administrative equivalent to the state's highest court, so the holding of *Boerckel*

3

>implies that when administrative remedies must be exhausted, a legal contention must be presented to each administrative level.

*Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). Contrary to the respondent's contention, Mr. Williams notes that the sheath was missing from the photos in his administrative appeal. ECF 10-10 at 1-2. Thus, the court will address Mr. Williams' argument on the merits. *See* 28 U.S.C. § 2254(b)(2)("[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Mr. Williams had a right to request evidence in his defense, *see Wolff*, 418 U.S. at 566, but he didn't necessarily have a right to review that evidence personally, *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001) ("prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public"). Here, however, the evidence at issue is not evidence that Williams requested . He requested only camera evidence and the general Christian service count letter showing that he was in church. Furthermore, neither the sheath nor the tape was exculpatory. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992) (due process only requires production of "exculpatory" evidence). Exculpatory in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). Because Mr. Williams was not denied any exculpatory evidence, the DHO's failure to consider the sheath and tape didn't violate his due process rights. *White*, 266 F.3d at 767. Therefore, this is not a basis for granting habeas corpus relief.

Each of Mr. Williams's grounds argues that the evidence against him was insufficient to support his conviction of the offense of possessing a weapon. In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary

board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

The DHO had sufficient evidence to find Mr. Williams guilty of this offense. The offense here requires only that he possessed a weapon. The Conduct Report, the statement of Sergeant Lee, and the video all support a finding that Mr. Williams possessed a weapon, even if only briefly. The statement of the chaplain was not exculpatory, as he explained that, though Mr. Williams checked in to the church service, he has no idea if he stayed for the service of left. In light of the evidence before the DHO, it was not arbitrary to conclude that Mr. Williams possessed a weapon. The finding of guilty is supported by some evidence. While Mr. Williams denies that he possessed the weapon, the DHO was not required to credit his version of the events. *McPherson*, 188 F.3d at 786 (the court is not "required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence."). Therefore, the court concludes that the DHO's finding that Mr. Williams was guilty was neither arbitrary nor unreasonable in light of these facts.

Because each of the grounds raised by Mr. Williams lacks merit, his habeas petition cannot be granted. If Mr. Williams wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because, under 28 U.S.C. § 1915(a)(3), an appeal in this case could not be taken in good faith.

For these reasons, Anthony Williams's petition for writ of habeas corpus is DENIED. The clerk is DIRECTED to close the case.

SO ORDERED.

July 10, 2020                                      *s/ Damon R. Leichty*
                                                   Judge, United States District Court